(No. 2533— )

VERLIE N. ROBERTS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 31, 1935.*

TOLIVER & MONSON AND NELSON & KIDDER, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant entered the employ of respondent on April 9, 1924 and on November 30, 1933 was engaged in active service as foreman on the construction work building an earth grade on S. B. I. Route 155 about three miles east of Prairie Du Rocher. Claimant and two others were operating two Baker Maney Road scrapers, same being pulled back of the tractor. While endeavoring to trip the dump lever claimant's feet slipped out from under him and the right front wheel of the rear road scraper caught his left foot, and the front and rear right wheels of the road scraper passed over his foot, left leg, back and right shoulder, crushing and bruising him and inflicting alleged permanent and serious bodily injuries. The injured man was given immediate attention by Dr. John T. Finley at the latter's office and was then taken to the Fehrenbacker Hospital at Flora where he remained for three weeks. An X-ray examination disclosed four broken bones in the left foot, four broken ribs, the right shoulder blade crushed, the right collar bone broken and three cracks in the ball and socket joint of the right shoulder; also bruises to claimant's left leg and back.

The claim was filed herein on October 1, 1934, asking an award of Twelve Thousand Dollars ($12,000.00) for partial permanent disability. All hospital and doctor bills have been paid by respondent and eleven (11) weeks compensation was paid to claimant at the rate of Fifteen Dollars ($15.00) per week.

The proof shows that the bones in the arch of claimant's left foot have healed in a malformed condition which results

in an absence of elasticity in the instep with resultant pain when claimant walks for any extended time upon that foot; that the bones of his right shoulder have healed in such a manner that he cannot raise his hand and forearm above his waistline; that the malformation in both instances is such that no further surgical care will relieve the condition.

At the time of the injury claimant was receiving wages in the sum of Forty-three and 75/100 Dollars ($43.75) per week. The chief attending physician, Dr. Fehrenbacker, testified that all of the bones of the foot had healed properly except the one, and that it had resulted in a little deformity and a limp that will be permanent and would limit the use of his foot; that the injury to his arm and shoulder blade would affect only the arm and would have no effect upon any other portion of the body; that all of the permanent injuries suffered by Mr. Roberts are limited to the right arm and the left leg; that Mr. Roberts, in his opinion, will never be able to raise his arm above the shoulder level.

Dr. H. B. Dillman of Louisville, Illinois testified that he examined claimant on January 5, 1935; that his opinion from such examination and X-ray pictures is in line with the other medical testimony. Claimant is now engaged in farm work operating a farm of sixty-seven (67) acres, twenty-seven (27) acres being owned by him and the balance leased land. Dr. Dillman was asked if he had any opinion as to the percentage of limitation in the doing of ordinary farm work that would result from the injury described, and he replied that claimant would possibly be disabled from ordinary farm work to the extent of possibly or at least 50%; that he will never be able to perform labor that requires very much walking or the full use of his right arm. In their closing statement counsel for claimant asked that an award be made to claimant as compensation for the partial permanent injury to his left foot, right shoulder and arm, in the total sum of Eight Thousand Eight Hundred Twenty Dollars ($8,820.00), under the provisions of Section 8-D of the Workmen's Compensation Act.

Respondent has made formal objection that no claim for compensation was made within six months after the accident. We do not believe the record supports this contention; nor does the record in our opinion support an award

under Section 8-D for Eight Thousand Eight Hundred Twenty Dollars ($8,820.00) as contended for by claimant.

From a consideration of the entire record one reaches the conclusion that the partial permanent disability in this case is to the left foot and right arm and shoulder of claimant; further that the extent of disability therefrom is 50% of the total use thereof.

Under Section 8 (e)-14 claimant would be entitled to the maximum wage of Fifteen Dollars ($15.00) per week for sixty-seven and one-half weeks (67½) for fifty per cent (50%) loss of use of his foot and the maximum wage of Fifteen Dollars ($15.00) per week for one hundred twelve and one-half (112½) weeks for fifty per cent (50%) loss of use of the right arm, under Section 8(e)-13, making a combined total of Two Thousand Six Hundred Ninety-nine Dollars, ($2,699.00). Of this amount One Thousand Five Hundred Sixty Dollars ($1,560.00) will have been earned by July 30, 1935, and would be due and payable at that time, and the balance in payments of Fifteen Dollars ($15.00) per month. As monthly payments are not feasible, such balance will be commuted and a lump-sum award for the entire amount due will be made. *An award* is accordingly made in favor of claimant in the sum of Two Thousand Six Hundred Seventy-five Dollars, *($2,675.00)*.